# United States Court of Federal Claims

No. 17-1847 C
(Filed April 25, 2018)

___

**PATRICK NICHOLAS,**

*Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

*Defendant.*

___

**FILED**

APR 25 2018

U.S. COURT OF
FEDERAL CLAIMS

## ORDER AND OPINION

**Hodges,** *Senior Judge.*

Plaintiff filed a Complaint *pro se* in this court, demanding return of approximately $13,000 allegedly taken from him by Secret Service agents and not returned. While it is difficult to determine the factual circumstances prompting this confiscation of plaintiff's property, we are satisfied that none of the grounds for a cause of action in this court are sufficient to meet plaintiff's burden of establishing jurisdiction. For that reason, we must grant defendant's motion to dismiss.

The Court of Federal Claims has exclusive jurisdiction over claims under the Takings Clause of the Fifth Amendment where the property's value exceeds $10,000, 28 U.S.C. § 1491(a), and where plaintiff concedes the validity of the government's actions. *Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1332 (Fed. Cir. 2012); *Kortlander v. United States*, 107 Fed. Cl. 357, 371–72 (2012). In his Complaint, plaintiff clearly does not concede the validity of the government action. Because plaintiff contends that the confiscation of $13,000 was by law improper, his case must be dismissed. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1371 (Fed. Cir. 2012) (explaining that the Tucker Act does not create jurisdiction in our court when the propriety of a seizure is contested.). However, this is not to say that plaintiff has no remedy at law. Fed. R. Crim. Proc. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.") For the reasons stated herein, plaintiff's Complaint does not fall within the jurisdiction of this court.

7012 3460 0001 7791 7791

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.[1] The Clerk of Court is directed to dismiss plaintiff's Complaint. No costs.

**IT IS SO ORDERED.**

s/ Nancy B. Firestone
Nancy B. Firestone
Senior Judge, for
Robert H. Hodges, Jr.
Senior Judge

---

[1] Because no jurisdiction exists, consideration of RCFC 12(b)(6) is unnecessary.